**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JENNIFER M.,

                Plaintiff,

   v.                                                                             6:20-CV-917
                                                                                        (DJS)

ANDREW M. SAUL, *Commissioner of*
*Social Security*,

                Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| LAW OFFICE OF KENNETH HILLER, PLLC<br>Attorney for Plaintiff<br>6000 N. Bailey Ave., Suite 1A<br>Amherst, NY 14226 | JUSTIN GOLDSTEIN, ESQ.<br>KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>Attorney for Defendant<br>J.F.K. Federal Building - Room 625<br>Boston, MA 02203 | JESSICA RICHARDS, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 12 & 16. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is reversed and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Procedural History

Plaintiff applied for disability insurance and supplemental security insurance benefits in October 2017. Dkt. No. 10, Admin. Tr. ("Tr."), pp. 155-173. Plaintiff alleges disability based upon herniated vertebrae, nerve damage in legs, diabetic neuropathy, and sleep apnea. Tr. at p. 60. She alleged a disability onset date of May 1, 2017. Tr. at p. 59. Plaintiff's application was initially denied on January 25, 2018, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 84-98 & 100-102. Plaintiff appeared at a hearing before ALJ John P. Ramos on June 11, 2019 at which she testified. Tr. at pp. 32-51. On June 26, 2019, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 13-25. On June 29, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social

2

Security Act through September 30, 2017 and that she had not engaged in substantial gainful activity since May 1, 2017, the alleged onset date. Tr. at p. 15. Second, the ALJ found that Plaintiff had the following severe impairments: obesity, degenerative disc disease of the lumbar spine, and diabetes. Tr. at pp. 16-17. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 18. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of sedentary work. *Id.* Fifth, the ALJ found that Plaintiff could not perform her past relevant work. Tr. at pp. 23-24. The ALJ went on to find that there was work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 24-25. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 25.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a

finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

"A claimant's RFC is 'the most [she] can still do despite [her] limitations.'" *Penny Ann W. v. Berryhill*, 2018 WL 6674291, at *4 (N.D.N.Y. Dec. 19, 2018) (quoting 20 C.F.R. §§ 404.1545(a)(1) & 416.945(a)(1)). The ALJ found that Plaintiff had the ability to perform the full range of sedentary work. Tr. at p. 18. In doing so, the ALJ rejected some limitations stated in the medical opinions in the record. Tr. at p. 23. Plaintiff raises several distinct arguments challenging the ALJ's RFC finding. The Court finds that the ALJ's analysis of the consultative examination of Dr. Elke Lorensen requires remand and does not reach Plaintiff's other contentions.

An ALJ's review of medical opinions is entitled to significant deference. *Faith Grace P. v. Saul*, 2019 WL 4305484, at *3 (N.D.N.Y. Sept. 11, 2019). Courts recognize that "an ALJ may credit those portions of a consultative examiner's opinion which the ALJ finds supported by substantial evidence of record and reject portions which are not so supported." *Viteritti v. Colvin*, 2016 WL 4385917, at *11 (E.D.N.Y. Aug. 17, 2016); *see also Anna M. S. v. Saul*, 2020 WL 2543044, at *8 (N.D.N.Y. May 19, 2020). However, when an ALJ rejects portions of a medical opinion his "explanation should be supported by the evidence and be specific enough to make clear to the claimant and any subsequent reviewers the reasons and the weight given." *Vandeusen v. Berryhill*, 2018 WL 4300117, at *2 (D. Conn. Sept. 10, 2018).

The ALJ rejected the postural limitations stated by Dr. Lorensen on the ground that they "are based on the claimant's subjective reports of pain." Tr. at p. 23. As

Plaintiff points out, however, Dr. Lorensen's opinion does not, in fact, indicate that his conclusion was based on Plaintiff's subjective reports.  *See* Tr. at pp. 507-514.  The medical source statement from Dr. Lorensen reads:

> Mild limitations for standing and ambulating, presumably secondary to neuropathy.  No gross limitation sitting or handling small objects with the hands.  Moderate limitations for bending, lifting, and reaching.  The claimant should avoid heights and operating machinery.

Tr. at p. 510.  It thus appears that the ALJ's conclusion is based on his speculation regarding the basis of the examiner's opinion.  This is inappropriate because in speculating about the basis for the examiner's conclusions, the ALJ "interject[ed] himself into the medical decision making process."  *Nix v. Astrue*, 2009 WL 3429616, at *9 (W.D.N.Y. Oct. 22, 2009).  "Indeed, the ALJ's suggestion that Dr. [Lorensen's] opinion appears to be based on subjective complaints is speculative and is essentially the substitution of the ALJ's judgment for Dr. [Lorensen's] medical opinion."  *Christopher W. v. Comm'r of Soc. Sec.*, 2018 WL 9708499, at *10 (D. Vt. June 22, 2018) (internal quotation omitted).

"[P]laintiff is entitled to understand why the ALJ chose to disregard portions of medical opinions that were beneficial to her application for benefits."  *Gibbons v. Comm'r of Soc. Sec.*, 2020 WL 4432073, at *5 (W.D.N.Y. July 31, 2020).  While the ALJ rejected postural limitations on the ground that they were based on Plaintiff's subjective complaints, Tr. at p. 23, that basis does not appear in the medical opinion itself.  *See* Tr. at p. 510.  As a result, "there is nothing in the record to support the ALJ's

7

speculation that Dr. [Lorensen's] opinion is based on anything but . . . documented medical findings." *Rivera v. Berryhill*, 2019 WL 692162, at *12 (S.D.N.Y. Jan. 28, 2019). Nor does it "make clear" on what basis those limitations were rejected. *Vandeusen v. Berryhill*, 2018 WL 4300117, at *2. The Court, therefore, cannot conclude that the decision to disregard Dr. Lorensen's postural limitations was supported by substantial evidence. Remand is warranted for further explanation of the ALJ's reasoning.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **VACATED** and **REMANDED** pursuant to Sentence Four of section 405(g) for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: June 1, 2021
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge